UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

WILLIAM B. JOLLEY,
            Appellant,

            v.

DEPARTMENT OF HOUSING AND
    URBAN DEVELOPMENT,
            Agency.

DOCKET NUMBERS
AT-4324-18-0576-I-2
AT-4342-19-0041-I-1

DATE: January 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William B. Jolley, Brunswick, Georgia, pro se.

Robert Andrew Zayac, Esquire, and Carlos Quijada, Esquire, Atlanta,
    Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which found that the appellant did not establish a Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) violation with respect to a series of nonselections. For

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2    The appellant filed his first appeal in June 2018, alleging that the agency had committed a USERRA violation with respect to his nonselection. *Jolley v. Department of Housing and Urban Development*, MSPB Docket No. AT-4324-18-0576-I-1, Initial Appeal File (0576 IAF), Tab 1. The administrative judge dismissed the appeal without prejudice after the appellant raised *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), and the judge's authority to adjudicate the matter. 0576 IAF, Tab 4, Initial Decision. The appellant challenged this dismissal without prejudice before the U.S. Court of Appeals for the Federal Circuit, but the court dismissed for lack of jurisdiction. *Jolley v. Merit Systems Protection Board*, No. 2019-1022 (Fed. Cir. Dec. 28, 2018). In the meantime, his appeal was redocketed. *Jolley v. Department of Housing and Urban Development*, MSPB Docket No. AT-4324-18-0576-I-2, Refiled Appeal File, Tabs 1-2. Around that same time, the appellant submitted a filing that was construed as a second USERRA appeal and docketed accordingly. *Jolley v. Department of Housing and Urban Development*, MSPB Docket No. AT-4324-19-0041-I-1, Initial Appeal File (0041 IAF), Tab 1.

¶3    The administrative judge developed the records, joined the appeals, and issued a single decision. *E.g.*, 0041 IAF, Tab 58, Initial Decision (0041 ID). The December 21, 2022 initial decision considered three alleged nonselections but found that the appellant did not meet his burden of proving that the agency violated USERRA regarding any. *Id.* at 4-7. It explained that the deadline for filing a petition for review was January 25, 2023. *Id.* at 8.

¶4    The appellant has filed a petition for review. *Jolley v. Department of Housing and Urban Development*, MSPB Docket No. AT-4324-18-0576-I-2, Petition for Review File, Tab 1; *Jolley v. Department of Housing and Urban*

*Development*, MSPB Docket No. AT-4324-19-0041-I-1, Petition for Review (0041 PFR) File, Tab 1. However, he did not do so until May 9, 2023, more than 100 days after the deadline for doing so. 0041 PFR File, Tab 1. The appellant's petition summarily states that the Board has violated the law, and it does not address the petition's timeliness. *Id.* at 2.

¶5 The Clerk of the Board notified the appellant that his petition appeared untimely and provided instructions on how to file a motion regarding either its timeliness or good cause for its untimeliness. *E.g.,* 0041 PFR File, Tab 2. The appellant did not respond to the Clerk's notice. The agency has not responded to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 A petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(g).

¶7 The party who submits an untimely petition for review has the burden of establishing good cause by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which

similarly shows a causal relationship to his inability to timely file his petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8    In circumstances such as this, where an appellant does not respond to the Clerk's timeliness notice and has not otherwise explained the untimeliness of their petition for review, the Board has declined to find good cause for even a 1-day filing delay. *Smith v. Department of the Army*, 105 M.S.P.R. 433, ¶ 6 (2007). The Board has explained that, even in the case of a pro se appellant, the failure to respond to the Clerk's notice does not reflect due diligence. *Id.*

¶9    Here, where the appellant did not file his petition until more than 100 days after the deadline for doing so, without explanation, we discern no reason to conclude otherwise. The initial decision for his joined appeals informed the appellant that the deadline for filing a petition for review was January 25, 2023. 0041 ID at 8. The appellant filed his petition on May 9, 2023. 0041 PFR File, Tab 1. The petition is silent about this untimeliness, and the appellant did not respond to the Clerk's notice about the same.

¶10    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's nonselections and alleged USERRA violations.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:

*Jennifer Everling*

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.